**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1082
_____

JUN CHEN,
                              Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                              Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A077-994-087)
Immigration Judge: Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2011
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges
(Opinion filed: June 24, 2011)
_____

OPINION
_____

PER CURIAM.

        Jun Chen ("Chen") petitions for review of the Board of Immigration

Appeals' final order of removal.  For the reasons that follow, we will deny the petition for

review.

1

Chen, a native and citizen of China, arrived at Los Angeles International Airport on November 11, 2001 without a valid entry document. Thereafter, the Department of Homeland Security issued a Notice to Appear, charging that she was removable under Immigration & Nationality Act ("INA") § 212(a)(7)(A)(i)(1), 8 U.S.C. § 1182(a)(7)(A)(i)(1), as an alien who was inadmissible at the time of entry. Chen applied for asylum and withholding of removal under the INA, and protection under the Convention Against Torture, claiming persecution by the Chinese government on account of her practice of, and participation in, Falun Gong.

At her merits hearing on January 15, 2003, Chen testified that she lost her job in a shoe factory, and was sought by police in China for distributing Falun Gong material and practicing Falun Gong. She feared that she would be arrested, fined, and imprisoned if she returns to China. On that same day, the Immigration Judge denied relief, finding that Chen's claim of persecution was not credible. The IJ relied upon certain inconsistencies between Chen's asylum application and her testimony in finding her claim not credible. The IJ ordered Chen removed to China. On January 8, 2004, the Board of Immigration Appeals affirmed without opinion, 8 C.F.R. § 1003.1(e)(4). Chen did not petition for review of this decision.

On April 19, 2010, more than six years later, Chen filed a motion to reopen and an amended asylum application, arguing that her motion should not be barred by the 90-day deadline because she could demonstrate changed country conditions in China with respect to its treatment of Falun Gong practitioners. She asserted that she had begun to practice Falun Gong in the United States in March, 2008. She distributed Falun Gong

2

materials in Flushing, New York, and participated in demonstrations there opposing the Chinese government. Certain Chinese residents in America, who came from her home town, discovered her involvement in Falun Gong, and, when they returned to China, spread word of her activities. Chen claimed that, on March 10, 2010, government cadres confronted her parents about her Falun Gong activities in the United States. The cadres told Chen's parents that she must renounce Falun Gong and return to China to "accept stringent punishment." A.R. 65. Chen also sought reconsideration of the IJ's adverse credibility determination.

Chen submitted evidence in support of her motion to reopen, including an affidavit from her father, in which he explained his and his wife's participation in Falun Gong in China and Chen's participation in distributing flyers; a statement from the village committee that it is aware that Chen has continued to practice Falun Gong in the United States and urging her to come back to China for severe punishment; the May 2007 Profile of Asylum Claims and Country Conditions for China; articles relating to assaults on Falun Gong practitioners by Chinese immigrants in Flushing, New York; and photographs of her in the United States in which she is striking Falun Gong poses and participating in a demonstration in Flushing. The Department of Homeland Security opposed Chen's motion to reopen.

On December 22, 2010, the Board denied the motion to reopen as untimely filed. First, to the extent that Chen sought reconsideration of the IJ's adverse credibility determination, the Board held that her motion was untimely because it was not filed within 30 days of the Board's January 8, 2004 decision. 8 C.F.R. § 1003.2(b)(2) ("A

3

motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision...."). Accordingly, the Board declined to revisit the credibility finding. The Board then noted that Chen was advancing a claim that *was* related to her prior claim for asylum, making that prior adverse credibility finding relevant to her motion to reopen. But, the Board concluded, even without consideration of the prior adverse credibility finding, that Chen's evidence did not establish worsened conditions in China such that she merited reopening outside of the 90-day deadline for filing motions to reopen, 8 U.S.C. § 1229a(c)(7)(C)(ii). The 2007 Profile did not show that Chen will face more severe sanctions for practicing Falun Gong now than she would have faced at the time of her merits hearing in 2003. "Further, even accepting at face value the village notice and her father's affidavit showing that her activities in the United States have been discovered, neither document establishes that her village has recently instituted or increased penalties for practicing Falun Gong so that the threatened 'severe penalties' are any different from those faced by Falun Gong practitioners in the past." A.R. 4. Nor did the articles about the events in New York support her claim of a change in conditions in China.

Chen has timely petitioned for review of the Board's decision denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1). In her brief, she contends that the Board abused its discretion with respect to its finding that she did not show changed country conditions, because it failed to take into consideration that she has engaged in more serious anti-government activity since her 2003 hearing; she is thus facing a greater risk of harm than at the time of her 2003 hearing. See Petitioners' Brief,

4

at 11-12.  Moreover, she offered evidence that she personally would face punishment for her Falun Gong activities in the United States which the Board did not sufficiently credit. See Petitioners' Brief, at 14.[1]

We will deny the petition for review.  We review the Board's denial of a motion to reopen for an abuse of discretion.  Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992).  Under this deferential standard, we will reverse the Board's decision only if it is arbitrary, irrational, or contrary to law.  Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).  We uphold the Board's factual determinations underlying the denial of the motion to reopen if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Zheng v. Att'y Gen. of U.S., 549 F.3d 260, 266 (quoting Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

A motion to reopen before the Board must be filed "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."  8 C.F.R. § 1003.2(c)(2).  An exception to the timeliness requirement exists to apply for asylum based on "changed conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence

---

[1] Chen also argues that the Board's decision should be reversed because it did not include a threshold finding of "materialness and previous unavailability" of her documents.  See Petitioner's Brief, at 13-14.  This argument is completely lacking in merit.  The Board evaluated the substance of Chen's documents, accepting them at face value and reaching the issue of whether the documents showed that conditions had changed in China.  The Board was not further obligated to discuss bases on which it did not rely in denying Chen's motion to reopen.

is material and was not available and would not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). See also 8 U.S.C. § 1229a(c)(7)(C)(ii).

Because Chen's motion to reopen was not filed within the required 90 days, it had to be based on changed country conditions in China with respect to the Chinese government's treatment of Falun Gong practitioners. The Board did not abuse its discretion in denying her untimely motion to reopen. The Board fully considered Chen's evidence, and its determination that she failed to show changed country conditions is supported by substantial evidence in the record. Zheng, 549 F.3d at 266. Chen argued in her motion that she would be arrested and punished if she returns to China, but her evidence failed to show a material change in conditions in China since 2003, just as the Board concluded. The 2007 Profile does not show that Chen will face more severe sanctions for practicing Falun Gong now than she would have faced at the time of her merits hearing in 2003. The Chinese government labeled Falun Gong a cult in 1999, and, in 2001, launched a massive campaign against it. The punishment and detention of Falun Gong practitioners continued in 2005 and 2006, but the report does not state that it worsened. A.R. 143-45. Instead, China's response to Falun Gong has remained constant.

In addition, Chen's father's affidavit and the village committee's statement concern a threatened punishment – arrest and imprisonment -- that is not worse than what Chen would have faced at the time of her merits hearing in 2003. The news articles about activities in the United States do not demonstrate worsened conditions in China for Falun Gong practitioners, and Chen's new activities in Flushing do not constitute evidence of changed conditions in China, see Liu v. Att'y Gen. of U.S., 555 F.3d 145, 150-51 (3d Cir.

6

2009). A change in personal circumstances is insufficient to excuse an alien from the time limit on a motion to reopen. See id. An alien may file a successive asylum application based on changed personal circumstances under 8 U.S.C. § 1158(a)(2)(D) or changed country conditions at any time during proceedings before the entry of a final order of removal, or within the 90-day deadline for a motion to reopen. Outside of those circumstances, changed country conditions under 8 U.S.C. § 1229a(c)(7)(C)(ii) must be shown. Liu, 555 F.3d at 150-52.

For the foregoing reasons, we will deny the petition for review.